

1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

10

11  JACOB RAMIE PRATT,
        #88813

12              Plaintiff,                         3:10-cv-00615-RCJ-VPC

13  vs.                                            **ORDER**

14  MINNIX, *et al.*,

15              Defendants.

16

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's

18  application to proceed *in forma pauperis* is granted (docket #2). Based on the information regarding

19  plaintiff's financial status in the Application to Proceed *in Forma Pauperis*, plaintiff is required to pay

20  an initial installment of the filing fee pursuant to 28 U.S.C. §1915.

21          The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff

22  must *prepay* -- plaintiff has already prepaid his initial installment of $4.60, instead of having to prepay

23  the full $350 filing fee for this action. The entire $350 filing fee will, however, remain due from

24  plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the

25  full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.

26  §1915. The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's

1    institutional account regardless of the outcome of this action.  The court now screens the complaint.

2    **I. Screening Standard**

3                Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

4    prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

5    "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

6    is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

7    arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

8    therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

9    where the factual contentions are clearly baseless.  *Id.* at 327.  The critical inquiry is whether a

10   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

11   *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

12                Dismissal of a complaint for failure to state a claim upon which relief may be granted is

13   provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

14   Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

15   Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,

16   232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

17   elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

18   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

19   (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

20   suspicion [of] a legally cognizable right of action." *Id.*  In reviewing a complaint under this standard,

21   the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

22   *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

23   plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

24                Allegations in a *pro se* complaint are held to less stringent standards than formal

25   pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

26   519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

1  Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

2  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

3  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

4  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

5  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

6  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

7         To sustain an action under section 1983, a plaintiff must show (1) that the conduct

8  complained of was committed by a person acting under color of state law; and (2) that the conduct

9  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676,

10  689 (9th Cir. 2006).

11  **II. Instant Complaint**

12         Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued correctional officers

13  Minnix, Perkins, Horsley, Deeds, Postman, and Does 1-4. Plaintiff claims the following:  on January

14  31, 2010, officers forcefully extracted a number of inmates from their cells who were involved in a series

15  of inmate protests. During the protest, defendant officers and other officers extracted plaintiff from his

16  cell. Minnix lined up officers outside plaintiff's cell and instructed Perkins to turn off the video camera,

17  which he did. They entered plaintiff's cell and used chemical agents, and after plaintiff was fully

18  restrained, punched him repeatedly, broke his nose, cut his lips, smashed his head on the floor and

19  against walls repeatedly, and rammed his head into several sallyport doors. At some point Minnix

20  attached a dog leash to plaintiff's cuffs and pulled it forcefully through the food slot in plaintiff's cell

21  door, cutting his arms. Plaintiff suffered injuries including concussion, swollen eyes, lips, heavily

22  bruised face, broken nose, loosened teeth, and "disjointed" fingers and thumbs. Minnix prevented

23  medical personnel from rendering assistance, aside from wiping some blood from plaintiff's face. When

24  plaintiff was returned to his cell, John Doe #4, the senior shift officer, ignored his requests for medical

25  attention and a shower. He asked the floor officer for a medical kite and was told "the senior will not

26  let me give you anything." Plaintiff received no medical aid for five days. Plaintiff continues to suffer

3

from severe headaches, blurred vision and light sensitivity.  Plaintiff claims that defendants used excessive force against him and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

With respect to plaintiff's excessive force claims, the Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (*per curiam*); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184. Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d at 1196. Plaintiff states Eighth Amendment excessive force claims against defendants.

4

1    With respect to plaintiff's medical claim, a detainee or prisoner's claim of inadequate

2    medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level

3    of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard

4    involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

5    "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S.

6    294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which

7    entails more than mere negligence, but less than conduct undertaken for the very purpose of causing

8    harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner

9    unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

10    In applying this standard, the Ninth Circuit has held that before it can be said that a

11    prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.

12    Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

13    *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.

14    "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

15    not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

16    not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429

17    U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v.*

18    *Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*,

19    104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish

20    deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th

21    Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of

22    deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

23    Delay of, or interference with, medical treatment can also amount to deliberate

24    indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,

25    905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,

26    1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d

5

1  1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

2  (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the

3  prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner

4  must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at

5  1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

6  Plaintiff states Eighth Amendment medical claims against defendants Minnix and John Doe #4.

7  **III.  Conclusion**

8          **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

9  *pauperis* (docket #2) is **GRANTED.** Plaintiff Jacob Ramie Pratt, **Inmate No. 88813**, will be permitted

10  to maintain this action to conclusion without prepayment of the full filing fee. Plaintiff has paid an

11  initial installment of the filing fee in the amount of **$4.60.** Plaintiff will not be required to pay fees or

12  costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status

13  shall not extend to the issuance and service of subpoenas at government expense.

14          **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise

15  unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the

16  Prisoner Litigation Reform Act of 1996.

17          **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the

18  Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of

19  the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's

20  account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this

21  action. **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services,**

22  **Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

23          **IT IS FURTHER ORDERED** that the Clerk shall detach and file the complaint (docket

24  #2-1).

25          **IT IS FURTHER ORDERED** that plaintiff's claims **MAY PROCEED**.

26          **IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other

response to the complaint within **thirty (30) days** following the date of the early inmate mediation.  If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

       **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

       **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 16th day of December, 2010.

UNITED STATES MAGISTRATE JUDGE

7

1

2

3

Name

4

Prison Number

5

Address

6

7

8            UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA

9
_____,  )    Case No. _____
10                   Plaintiff,              )
                                             )
11   v.                                      )    **NOTICE OF INTENT TO**
                                             )    **PROCEED WITH MEDIATION**
12   _____       )
                                             )
13   _____       )
                   Defendants.               )
14   _____       )

15        This case may be referred to the District of Nevada's early inmate mediation program.  The
     purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
16   which the parties meet with an impartial court-appointed mediator in an effort to bring about an
     expedient resolution that is satisfactory to all parties.
17
     1.   Do you wish to proceed to early mediation in this case? ____ Yes  ____ No
18
     2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____
19
     _____
20
     _____
21
     _____
22
     3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court
23        in the last five years and the nature of each case. (Attach additional pages if needed).

24   _____

25   _____

26   _____

8

1    4.    List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

2    _____

3    _____

4    _____

5    _____

6    5.    Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

7    _____

8    _____

9    _____

10   _____

11
        **This form shall be filed with the Clerk of the Court on or before thirty (30) days from the**
12   **date of this order.**

13       Counsel for defendants: By signing this form you are certifying to the court that you have
     consulted with a representative of the Nevada Department of Corrections concerning participation in
14   mediation.

15

16           Dated this _____ day of _____, 20_____.

17

18                                        _____
                                          Signature
19

20

21                                        _____
                                          Name of person who prepared or
22                                        helped prepare this document

23

24

25

26

                                          9