FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 1 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACOB RAMIE PRATT, | ) |
| Plaintiff, | ) |
| vs. | ) 3:10-cv-00615-RCJ-VPC |
| JAMES MINNIX et al., | ) ORDER |
| Defendants. | ) |

This prisoner civil rights case arises out of the alleged use of excessive force during two cell extractions at Ely State Prison ("ESP") on January 31, 2010. The Court rejected the magistrate judge's Report and Recommendation ("R&R") and granted Defendants' motion for summary judgment. Plaintiff has moved for the Court to reconsider. For the reasons given herein, the Court denies the motion.

Plaintiff argues that the Court ruled as against the Complaint, not as against the proposed amended complaint, and that the motion for summary judgment was therefore moot as against the Complaint. But the record does not indicate that the Court ever gave Plaintiff leave to amend the Complaint. Although Plaintiff moved for leave to amend the Complaint, and the magistrate judge indicated she intended to grant the motion if Defendants did not object, which they apparently did not, there appears to be no order in the docket from either the magistrate judge or this Court granting the motion to amend. Moreover, Plaintiff filed the motion to amend after the magistrate judge had already prepared the Report and Recommendation ("R&R") on the motion for summary judgment as against the Complaint. To the extent the magistrate judge intended to

grant the motion to amend without withdrawing the already submitted R&R and proceeding to screen the proposed amended complaint, the Court overrules the grant as clearly erroneous given both the futility of amendment (although reworded, there are no new allegations) and Plaintiff's delay in bringing the motion, particularly as to the timing of the motion, as the Court had already expended resources analyzing the R&R based upon the original Complaint in the meantime. In any case, although three new defendants are proposed to be added, the proposed amended complaint simply restates the excessive force and deliberate indifference claims already pled in the Complaint. The motion for summary judgment could therefore have been applied as against the proposed amended complaint, with the same result.

Plaintiff also agues that the Court should not have closed the case after granting summary judgment, because only four of five Defendants moved for summary judgment. However, Plaintiff has apparently never served the fifth Defendant, Minnix, with the Summons and Complaint in the eighteen months the case has been pending, and the Court will not keep the case open any longer now that the other Defendants have obtained a judgment in their favor. Furthermore, it is unlikely that Minnix can now be sued at all. The statute of limitations for a § 1983 claim arising on January 31, 2010 ran over two months ago on January 31, 2012. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)) (noting that the statute of limitations under § 1983 is that provided for personal injury torts in the state where the injury occurs); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(e) (providing a two-year statute of limitations for personal injury actions)). The limitations period also applies to the three defendants proposed to be added via the proposed amended complaint. There is no evidence they were served within the limitations period.

Finally, Plaintiff argues that the Court did not properly consider the affidavits in support of his opposition. The Court read and considered Plaintiff's evidence. However, the evidence

1  did not create a genuine issue of material fact as to the allegations.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 47) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge